# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY HOBBS, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-16-0749 |
| SEAN ST. MARTIN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Gary Hobbs ("Plaintiff") brought an action against Sean St. Martin ("Defendant") for Money Had and Received (Count I) and Unjust Enrichment (Count II). (Am. Compl., ECF No. 29.) Now pending before the Court is Plaintiff's Motion to Strike Defendant's Expert. (ECF No. 47.) The Motion has been briefed (ECF Nos. 47-1, 52, and 54) and no hearing is required, *see* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Plaintiff's Motion will be granted.

## I. *Background*

Both parties have submitted lengthy briefs and factual narratives in support of their arguments regarding Defendant's expert witness. However, the issue presented is in fact narrow and straightforward. The instant dispute can be summarized as follows: The Court entered an Order with which neither party complied and now each attempts to cry foul over the other's noncompliance.

On February 10, 2017, the Court entered a Scheduling Order. (ECF No. 34.) That Order set a deadline by which each party was required to make his Rule 26(a) disclosures, to include

the disclosure of any expert witness and that witness's report. Plaintiff's expert disclosures were due on or before May 29, 2017, and Defendant's expert disclosures were due on or before June 26, 2017.

On May 30, 2017, one day after the due date, Plaintiff served Defendant with a document titled "Plaintiff Gary Hobbs's Disclosure of Expert Witness." (ECF No. 52-2.) The Disclosure identified Anthony D. Hulbert, a Certified Public Accountant ("CPA"), as Plaintiff's expert witness who was "expected to testify as to the financial and accounting records . . . of Defendant, Stag Mountain, LLC, Tamarack, and any other entity in which Defendant and/or Richard Hagen are or were members or held an interest." (*Id.* at 2.) The Disclosure did not include an expert report. According to Plaintiff, he was unable "to produce an expert report or further disclose [his] expert's testimony at th[e] time" because Defendant had yet to produce "numerous financial and accounting records" that were the subject of a motion to compel. (*Id.*) Plaintiff never provided a report from Mr. Hulbert.

Defendant served Plaintiff with his expert disclosure on June 26, 2017. Defendant's disclosure, like Plaintiff's, identified a single expert—Joel B. Charkatz, a CPA. (Defendant Sean St. Martin's Disclosure of Expert Witness, ECF No. 47-4.) Also like Plaintiff, Defendant failed to include an expert report with his Disclosure. Defendant stated that he had not included an expert report because he had not received a report from Plaintiff's expert "to which Mr. Charkatz may respond." (*Id.* at 2.) Defendant, however, "reserve[d] the right to produce an expert report and supplement []his disclosure upon the receipt of a report from Plaintiff." (*Id.*)

The parties apparently resolved the discovery disputes referenced in Plaintiff's Disclosure, and they filed a Joint Stipulation to Modify Discovery on July 21, 2017. (ECF No. 38.) The Joint Stipulation requested an additional ninety days to complete discovery, making November

2

13, 2017, the date for completion of discovery. Notably, the parties did not seek to extend the deadline—which had already passed—for their Rule 26(a) disclosures. On July 24, 2017, the Court granted the parties' request and modified the schedule accordingly. (ECF No. 39.)

Somewhat mystifyingly, the parties apparently never discussed each other's failure to provide an expert report. Nor did either party ever inquire of the other as to whether he still intended to rely on the expert he had disclosed. Then, on November 13, 2017, the last day of discovery, Defendant provided a report from his expert Mr. Charkatz. Plaintiff, understandably surprised by this last second (and long overdue) report, sought to depose Mr. Charkatz; however, Defendant refused to make his expert available for a deposition because discovery had closed. Plaintiff then filed the instant motion to preclude Defendant from using his expert's opinions in support of summary judgment or at trial.

In the meantime, the Court denied Defendant's Motion for Summary Judgment. Defendant did not rely on Mr. Charkatz's opinion in that Motion. However, he presumably intends to do so at trial.

## II. *Standard for Excluding Evidence Under Rule 37(c)(1)*

Rule 37(c)(1) provides that a party who "fails to provide information or identify a witness as required by Rule 26(a) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." To determine whether a party's nondisclosure of information required by Rule 26(a) is "substantially justified" or "harmless" courts in this Circuit are guided by the following five factors:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack And Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (list format added). "Four of these factors—surprise to the opposing party, ability to cure that surprise, disruption of the trial, and importance of the evidence—relate mainly to the harmlessness exception, while the remaining factor—explanation for the nondisclosure—relates primarily to the substantial justification exception." *Id.* The Court has "broad discretion" to determine whether a nondisclosure is substantially justified or harmless, and it need not examine all of the factors outlined by *Southern States*. *Sprint Nextel Corp. v. Simple Cell Inc.*, 248 F. Supp. 3d 663, 677 (D. Md. 2017) (citing *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)). Defendant, as the nondisclosing party, "bears the burden to establish that nondisclosure was justified or harmless." *Id.*

## III. Analysis

Despite the parties' extensive briefing, the motion before the Court has a rather simple and readily apparent resolution. Defendant provided Plaintiff with his expert's report over four months after it was due pursuant to this Court's Order. The factors in *Southern States* counsel in favor of excluding Defendant's expert evidence. Accordingly, Plaintiff's motion will be granted.

First, Defendant's justification for his delay—that he was waiting on Plaintiff's expert report—is meritless. Defendant seems to believe that he was justified in submitting his expert report four months past the *Court ordered deadline* because he was waiting on Plaintiff to submit a report first. Defendant also repeatedly emphasizes that Plaintiff bears the "burden of proof as

4

to the absence of consideration."[1] (E.g., ECF No. 52, at 1.) But neither Plaintiff's burden nor his failure to provide an expert report of his own excuse Defendant's nondisclosure. Mr. Charkatz's report is barely one page in length and simply concludes that the transactions between Defendant and Stag reflect "usual and customary activity between a closely held corporation and its owner(s)." (ECF No. 47-5.) Defendant could and should have provided this brief report when it was due. Had Plaintiff subsequently attempted to provide his own untimely expert report, Defendant would have had numerous options available to him. He could have moved to strike Plaintiff's expert, just as Plaintiff has done now. Or he could have sought additional time to modify his own expert's report to rebut Plaintiff's expert. Either of these options (and perhaps others) would have been entirely reasonable in the Court's view. But it was unreasonable, *and unjustifiable* to simply wait until the last day of discovery to submit an expert report.

Defendant has also failed to show that his untimely disclosure is harmless. On the one hand, the evidence does not appear to be important and allowing it would not disrupt trial. Mr. Charkatz's report simply concludes that at various times Defendant owed Stag money and Stag owed Defendant money. But, as the Court previously held in denying Defendant's Motion for Summary Judgment, these assorted transactions "are far too removed from the transaction at issue here between Plaintiff and Defendant to constitute valuable consideration for the benefit conferred upon Defendant by Plaintiff." (Memorandum, ECF No. 57 (citing *Plitt v. Greenberg*, 219 A.2d 237, 244 (Md. 1966)).) Defendant himself seems to place little importance on Mr. Charkatz's report and potential testimony given that he opted not to rely on it in his Motion for Summary Judgment. Moreover, a trial date has yet to be set; therefore, the Court could allow

---

[1] It is not clear why Defendant puts so much emphasis on Plaintiff's burden. Perhaps Plaintiff thought he could carry his burden without the benefit of expert testimony. In any event, Defendant was free to rely on any relevant and admissible evidence—including expert testimony—that Defendant thought would prevent Plaintiff from meeting his burden. If he intended to rely on such evidence at trial, he was obligated to disclose it pursuant to Rule 26(a) and this Court's Order.

5

Plaintiff to engage in limited additional discovery (something neither party has requested) without causing significant delay.

On the other hand, Plaintiff was undoubtedly surprised by the late-filed report. Although Defendant had disclosed Mr. Charkatz to Plaintiff, that disclosure indicated that Mr. Charkatz would be used only to rebut Plaintiff's expert. Defendant's disclosure stated that: "Mr. Charkatz will offer opinions responding to any opinion(s) offered by the expert designated by Plaintiff Gary Hobbs"; once a report was provided by Plaintiff's expert, "Mr. Charkatz can and will review it [sic] will timely offer his opinions in response"; and that he "reserve[d] the right to produce an expert report and supplement th[e] disclosure *upon the receipt of a report from Plaintiff*." (ECF No. 47-4.) Thus, it was reasonable for Plaintiff to conclude that Defendant had opted not to use an expert in light of Plaintiff's decision not to do so.

Plaintiff also had no ability to cure the surprise. Defendant served Plaintiff with his expert report on the afternoon of the last day of discovery. Moreover, when Plaintiff attempted to cure the surprise by seeking to depose Defendant's expert, Defendant flatly rejected Plaintiff's request and made it clear he would not agree to any extension of discovery despite his eleventh hour production of the expert report.

Ultimately, after considering the *Southern States* factors, the Court is not convinced that Defendant's nondisclosure is harmless. Moreover, Defendant's lack of any valid justification—let alone a *substantial* justification—for his total disregard of the discovery deadline set by the Court counsels strongly in favor of exclusion.

## IV. *Conclusion*

For the foregoing reasons, an Order shall enter granting Plaintiff's Motion to Strike Defendant's Expert (ECF No. 47).

DATED this 23rd day of August, 2018.

BY THE COURT:

/s/
James K. Bredar
Chief Judge